

# THE ATTORNEY GENERAL
# OF TEXAS

**AUSTIN, TEXAS 78711**

**JOHN L. HILL**
**ATTORNEY GENERAL**

October 5, 1973

The Honorable Bill Meier, Chairman
Subcommittee on Convention Organization
Texas State Senate
Austin, Texas

Opinion No. H- 121

Re:  Questions relating to
the general authority
of the Constitutional
Convention

Dear Senator Meier:

You have requested an opinion of this office on several questions relative to the powers of the Constitutional Convention called by Article 17, § 2 of the Texas Constitution and to the procedures which should be followed by the Convention.

The Texas Constitutional Convention was called by the people through the adoption of Article 17, § 2, as an amendment to the existing Constitution of 1876. It was not called by an act of the Legislature and, therefore, legal precedents construing the powers and procedures of constitutional conventions called by legislatures with attempts by the Legislature to limit the power of the convention are not in point. Nor did our convention result from the institution of a new government and precedents construing the powers of so-called revolutionary conventions are not in point either. During the deliberations of the Convention and until whatever it produces is ratified by the poeple of the State, the Constitution of 1876, as amended, and the statutes enacted pursuant to it will remain the law of the land. For a general discussion of the procedures and powers of a constitutional convention, see Gaines v. O'Connell, 204 S. W. 2d 425 (Ky. App. , 1947); Note, 54 Va. Law. Rev. 995 (1968); Note, 55 Iowa Law Rev. 244 (1969).

Therefore, it is our opinion that the Constitutional Convention has only those powers which are expressly granted to it by Article 17, § 2, and must operate in the framework which that provision prescribes.

Specifically, Article 17, § 2, of the present Constitution, your basic guide, provides:

1.  The Convention shall be convened at noon on the second Tuesday in January, 1974.

p. 584

2.    The Convention shall be composed of the members of the 63rd Legislature.

3.    The Lieutenant Governor shall preside over the Convention until a chairman is elected.

4.    The Convention shall (or may) elect other officers; adopt rules; and publish a journal.

5.    Members of the Convention shall be compensated and receive expenses.

6.    The Convention may employ a staff.

7.    The Convention is automatically dissolved at 11:59 p. m. on May 31, 1974 except (a) it may dissolve earlier by vote of at least two-thirds of its members or (b) it may, by the same vote, extend its duration for not more than 60 days.

The only requirement concerning the text of any proposed constitution appears in § 2(g) that The Bill of Rights of the present Constitution must be retained in full.  As to the method of submitting the end product of the Convention to the people,  § 2(e) provides:

"(e)  The convention, by resolution adopted on the vote of at least two-thirds of its members,  may submit for a vote of the qualified electors of this state a new constitution which may contain alternative articles or sections,  or may submit revisions of the existing constitution which may contain alternative articles or sections.  Each resolution shall specify the date of the election,  the form of the ballots, and the method of publicizing the proposals to be voted on.   To be adopted,  each proposal must receive the favorable vote of the majority of those voting on the proposal.   The conduct of the election,  the canvassing of the votes,  and the reporting of the returns shall be as provided for elections under Section 1 of this article. "

Your first question is:

"Are the members of the Constitutional Convention scheduled to convene at noon on the second Tuesday in January, 1974 limited in making choices pertaining to Convention structure, Convention officers (type and number, method of selection, and duties and responsibility), Convention committees (number, jurisdiction, rules), and/or Convention schedule, by any controlling precedent other than the resolution granting authority for the holding of the Convention adopted by popular vote on November 7, 1972, currently appearing as Article 17, Section 2, of the Texas Constitution, or the applicable provisions of the Constitution of the United States of America?"

As to the first three areas you mention, "Convention structure", "Convention officers" and "Convention committees", the Convention will be limited in only a few respects. Members of the Convention must be members of the 63rd Legislature. There must be a "chairman". The Lieutenant Governor must preside until the chairman is elected. Other than these, it is our opinion that the Convention may organize itself as it chooses. It may determine for itself what other officers and what committees it will have and may assign to them such responsibilities as it deems advisable. It may prescribe its own rules including those for the operation of its committees.

The "Convention schedule", on the other hand, appears somewhat more restricted by Subsections (d) and (f) requiring the Convention to convene at noon on the second Tuesday in January, 1974, and to be automatically dissolved at 11:59 p. m. on May 31, 1974, unless "extended for a period not to exceed 60 days by resolution . . . . " Within that framework, the Convention is free to schedule its sessions and set its own deadlines.

Your second question is as follows:

"Specifically as to Convention officers - - is the Convention limited in choosing a Chairman of the Convention from its membership, or may the Convention choose to elect a person as Chairman who is not a member of the Convention?"

Article 17, § 2(c), provides that "The members of the 63rd Legislature shall be convened as a constitutional convention . . . . A person elected to fill a vacancy in the 63rd Legislature before dissolution of the convention becomes a member of the convention on taking office as a member of the Legislature. "

It is quite clear from this language that only members of the Legislature can be members of, or delegates to, the Convention.  That fact alone should rule out the election as chairman of a person other than a legislator.  Unless the basic ordinance constituting the body prescribes otherwise, it is the usual and accepted custom and practice in our society in the selection of the permanent presiding officers of organized groups to require by common consent and understanding, that the person selected be a member of the organization.  It should be presumed that the Legislature, in drafting Article 17, § 2, and the people in adopting it, intended, in the absence of express provision to the contrary, that this usual and accepted practice prevail in the election of a permanent chairman of the convention.

The amendment provisions themselves, when carefully analyzed, lead to the same inescapable conclusion that the people did not intend to authorize election of a non-legislator as chairman.  The amendment authorizes the Convention to "elect other officers it deems necessary" without expressly providing that they be members of the Legislature.  It is unreasonable to suppose that while carefully and strictly limiting membership in the Convention to legislators, the people, nevertheless, intended to authorize the placing of control of the Convention in  non-legislator officers.

Paragraph (d) of the amendment provides that "Members of the convention shall receive compensation, mileage, per diem" and that the Convention may "appropriate money from the general revenue fund of the state treasury" to'provide for the expenses of its members and the employment of a staff. "  Since non-legislators could not be "members of the convention", and the chairmen and other officers would not be members of a "staff", in the generally accepted meaning of that term, there is no authority in the amendment for compensating non-legislator officers and no authority in the Convention to appropriate money to defray their expenses. It would be unreasonable to assume, that, in adopting the amendment, the people intended that all members of the Convention and its staff should receive adequate compensation and that expenses of members should be reimbursed,

but that officers of the Convention, who must bear some of the heaviest burdens in this important work, would be ineligible to receive either compensation or reimbursement.

We therefore answer your second question that, in our opinion, the Convention is limited to choosing its Chairman from among its members.

Your third question is prefaced:

"Article 17, Section 2, subsection [d] of the Texas Constitution provides that the members of the Constitutional Convention shall receive compensation as determined by a five-member committee to be composed of the Governor, Lieutenant Governor, Speaker of the House, Chief Justice of the Supreme Court, and Chief Justice of the Court of Criminal Appeals."

You ask:

"May a member of this five-member committee likewise serve as Convention Chairman without conflicting in duties specifically required by this Resolution?"

We see no prohibited conflict. The potential conflict of interest is no greater in the situation posed by your question that it is in the situation created by other language in Article 17, § 2(d), which specifies that the Convention may provide for the reimbursement of expenses of its members and may appropriate money for that purpose. In either event, it is the Constitution itself that imposes the double responsibilities, and we cannot state that to exercise the rights of both positions would present an unconstitutional conflict.

We therefore answer your third question that, in our opinion, a member of the five-man committee designated to determine the compensation of Convention members, who also is a member of the Convention, may serve as Convention Chairman without an unconstitutional conflict in duties.

### S U M M A R Y

1.  The Constitutional Convention initiated by Article 17, § 2, of the Texas Constitution will be free, within the framework of that provision and consistent with the Constitutions of Texas and the United States, to structure itself, to determine and select its officers and committees, to determine the duties, authority and powers of its selected officers and committees, and to schedule its work as it sees fit.

2.  The Chairman of the Convention must be chosen from the membership of the Convention.

3.  A member of the five-man committee charged with determining the compensation, mileage allowance and per diem to be received by members of the Convention who also is a member of the Convention is eligible to serve as Convention Chairman.

Very truly yours,

JOHN L. HILL
Attorney General of Texas

APPROVED:

LARRY F. YORK, First Assistant

DAVID M. KENDALL, Chairman
Opinion Committee